IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID WAYNE MARROW, | ) | |
| ID # 932428, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:11-CV-2375-O-BH |
| | ) | |
| RICK THALER, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** as barred by the statute of limitations.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for theft and subsequent denial of parole.  The respondent is Rick Thaler, Director of TDCJ-CID.

On June 26, 2000, petitioner pled guilty pursuant to a plea agreement to theft of property over $200,000 in Cause No. F00-01299 and was sentenced to twenty-five years.  (State Habeas Transcript [S.H.Tr.]:43-45).  He did not appeal his conviction.

Petitioner filed a time credit dispute resolution (TDR) with the TDCJ on March 25, 2010, that was denied on July 2, 2010. (S.H.Tr.:35).  On March 30, 2010, he filed his first state habeas application in which he asserted that the State had breached his plea agreement by not releasing him

on parole and that he was not properly admonished at his plea hearing that a prior conviction would be used to prevent him from being paroled. (S.H.Tr.:2, 7-8). The trial court found that petitioner was ineligible for mandatory supervision due to a prior conviction for robbery, and it concluded that petitioner was not entitled to relief because the plea agreement did not have any provision concerning his eligibility for parole, and that state law did not require that he be admonished about how a remote conviction would affect his parole eligibility. *Id*. at 31-32. The Texas Court of Criminal Appeals denied his state writ without written order on the findings of the trial court on October 13, 2010. *Id*. at cover.

Petitioner mailed his federal petition on September 1, 2011. (Pet. at 9). He claims that: 1) the plea bargain is not being honored because a remote conviction is being used to increase the time served on the sentence; 2) the trial court failed to admonish him of this fact; and 3) the prior conviction should not be used to deny him mandatory supervision under state law. (Pet. at 7). Respondent filed a response on January 5, 2012 and furnished the state court records. No reply brief was filed.

## II.  STATUTE OF LIMITATIONS

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-

year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any direct appeal. His conviction therefore became final at the expiration of the thirty-day time period for filing a direct appeal, which begins under Texas law when the sentence is imposed in open court. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"); TEX. R. APP. P. 26.2(a). Accordingly, petitioner's conviction became final thirty days after his sentence was imposed on June 26, 2000.

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the later of (A), the date petitioner's conviction became final, or (D), the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims. Here, petitioner asserts constitutional claims relating to his guilty plea that allegedly affected his eligibility for mandatory supervision parole. His initial parole review occurred on October 21, 2002. (S.H.Tr.:35). This is therefore the latest date on which petitioner knew or should have known with the exercise of due diligence that he was not

eligible for mandatory supervision parole because of a prior conviction.  Petitioner mailed his

petition more than one year after that date, on September 1, 2011.[1]  A literal application of §

2244(d)(1) renders his petition untimely.

**B.  Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

*shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2)

(emphasis added).  Petitioner did not file any application for state review until March 25, 2010,

when he filed a TDR.  This was over nine years after his initial parole review date.  Accordingly,

the statutory tolling provision does not save his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can,

in appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 130 S.Ct. 2549

(2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168,

170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling).  "The

doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of

limitations would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44

F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the

[other party] about the cause of action or is prevented in some extraordinary way from asserting his

rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American

President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A habeas petitioner is entitled to equitable

tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary

---

[1]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner presented no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing either his state writ or his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III.  RECOMMENDATION

The petition should be **DENIED** with prejudice as barred by the statute of limitations.

**SO RECOMMENDED on this 25th day of June, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE